# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CABELL HUNTINGTON HOSPITAL,**
**Employer Below, Petitioner**

**vs.)    No. 13-0448** (BOR Appeal Nos. 2047752 & 2047715)
(Claim No. 2011030215)

**MICHAEL WAYNE STANLEY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cabell Huntington Hospital, by Toni J. Minner, its attorney, appeals two decision of the West Virginia Workers' Compensation Board of Review. Michael Wayne Stanley, by Michael G. Miskowiec, his attorney, filed a timely response.

This appeal arises from two Final Orders of the Board of Review dated April 4, 2013. In the first decision, the Board affirmed and modified a September 27, 2012, Order of the Workers' Compensation Office of Judges to reflect that brachial neuritis/cervical radiculopathy is a compensable component of the  claim. In its Order, the Office of Judges partially reversed the claims administrator's March 21, 2011, decision and found cervical disc displacement is a compensable condition, but affirmed the claims administrator's decision that cervical spondylosis, and brachial neuritis are not compensable conditions. In a separate decision also dated April 4, 2013, the Board of Review also reversed an October 9, 2012, Order of the Workers' Compensation Office of Judges, which affirmed and vacated the claims administrator's May 16, 2012, decision to reject the medical authorization for Mr. Stanley's December 21, 2011, treatment with Brian Payne, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Stanley is a cardiac sonographer and was performing an echocardiogram on a severely overweight patient for Cabell Huntington Hospital on February 24, 2011, when he strained his neck and shoulders. Mr. Stanley reported to the emergency room at Cabell Huntington Hospital where he was diagnosed with a cervical strain with radiculopathy and a neck strain. Mr. Stanley applied for workers' compensation benefits and his claim was held compensable on March 16, 2011, for cervical and thoracic strains. Mr. Stanley was then evaluated by his treating physician, Dr. Payne. Dr. Payne initially opined that Mr. Stanley did not suffer from brachial neuritis. Dr. Payne began treating Mr. Stanley around June 8, 2011. Dr. Payne indicated that cervical traction helped with numbness in his fingers, but Mr. Stanley still had burning in his left arm. On June 23, 2011, Dr. Payne performed surgery on Mr. Stanley. Dr. Payne noted at the time of his surgery that Mr. Stanley had a C5-6 left sided herniated disc. On December 21, 2011, Dr. Payne indicated Mr. Stanley was complaining of neck pain radiating down his arm. Dr. Payne found evidence of C5 radiculopathy and suggested an MRI. On January 26, 2011, Mr. Stanley had an MRI which showed C5-6 decompression. Based upon the MRI, Dr. Payne submitted a diagnosis update requesting that cervical disc displacement, cervical spondylosis and brachial neuritis be added as compensable conditions. Kelly Agnew, M.D., performed a record review on May 23, 2012. Dr. Agnew noted that Mr. Stanley underwent a L5-S1 lumbar laminectomy in 2010. Dr. Agnew opined that Mr. Stanley only suffered a thoracic and cervical sprain as a result of his employment and further opined that the surgery Mr. Stanley underwent in 2010 was related to degenerative changes and not to the compensable injury in 2011. Dr. Agnew noted that Mr. Stanley was engaged in light lifting. However, Dr. Agnew was unaware that Mr. Stanley was working with a severely obese patient when he was injured. Dr. Agnew also failed to notice that the records furnished for his review were not only Mr. Stanley's records but also the records of another, unspecified individual. This fact prompted Mr. Stanley to take the position that none of Dr. Agnew's report could be relied upon because it is uncertain which records he used in the formulation of his opinion. The claims administrator denied Mr. Stanley's request to add cervical disc displacement, cervical spondylosis, and brachial neuritis as compensable conditions of this claim. Mr. Stanley protested this decision to the Office of Judges. On December 21, 2011, Mr. Stanley reported back to Dr. Payne because his pain had returned. Dr. Payne found evidence of C5 radiculopathy.

The Office of Judges determined that Mr. Stanley's cervical disc displacement should be added as a compensable condition of this claim. However, the Office of Judges agreed with the claims administrator that cervical spondylosis and brachial neuritis should not be added as compensable conditions of the claim. In reaching its decision the Office of Judges reviewed the reports of Dr. Payne and Dr. Agnew. It determined that because Dr. Payne was the treating physician and examined Mr. Stanley multiple times as well as performing surgery, his opinion should be accorded more weight. The Office of Judges relied on Dr. Payne's report to conclude that Mr. Stanley had cervical disc displacement. However, the Office of Judges relied on Dr. Agnew's report to deny Mr. Stanley's workers' compensation benefits for his alleged brachial neuritis and cervical spondylosis. The Office of Judges relied on Dr. Agnew's report because it clearly addressed the presence of degenerative changes and the relation of this degeneration to Mr. Stanley's cervical spondylosis. Dr. Agnew also opined that brachial neuritis should not be added as a compensable condition. Because Dr. Payne did not mention the diagnosis of brachial

neuritis in his initial evaluation, despite finding so later, the Office of Judges determined that Dr. Agnew's report was more persuasive. Mr. Stanley protested.

The Board of Review determined that brachial neuritis is a compensable condition of the claim. The Board of Review agreed with the determination of the Office of Judges that cervical spondylosis is not a compensable condition of the claim and that cervical disc displacement is a compensable condition of the claim. In reversing the Office of Judges, the Board of Review noted that Mr. Stanley reported to the emergency room with symptoms that are consistent with brachial neuritis. The Board of Review determined that Mr. Stanley's initial diagnosis included brachial neuritis. Because the evidence showed that Mr. Stanley suffered brachial neuritis in the course of and as a result of his employment, the Board of Review reversed the Order of the Office of Judges. Cabell Huntington Hospital protested.

We agree with the Board of Review that Mr. Stanley has presented sufficient credible evidence to support a finding that his cervical disc displacement and brachial neuritis should be added as compensable components of the claim. Dr. Payne, Mr. Stanley's treating physician, opined that cervical disc displacement and brachial neuritis were directly related to the compensable injury and should be added to the claim. Dr. Payne's report represents the most credible and complete evidence in the record. Dr. Payne examined Mr. Stanley several times, performed surgery on him, and helped with his follow-up care. The only evidence that indicates Mr. Stanley is not entitled to the compensable condition of brachial neuritis and cervical disc displacement is the report of Dr. Agnew's.

In regard to the authorization for an office visit by Mr. Stanley to Dr. Payne on December 21, 2011, related to his C5 radiculopathy, the claims administrator determined that the expense was not directly and causally related to Mr. Stanley's February 24, 2011, compensable injury. The Office of Judges determined that the treatment on December 21, 2011, was related to cervical spondylosis, which was not a compensable condition. Accordingly, the Office of Judges affirmed the claims administrator's decision to not authorize the treatment. Mr. Stanley appealed to the Board of Review. The Board of Review determined that the primary reason for Mr. Stanley's December 21, 2011, visit was brachial neuritis. Because the Board of Review had determined by a separate decision on the same day that brachial neuritis should be added as a compensable condition of the claim, it reversed the Order of the Office of Judges and approved the December 21, 2011, medical treatment.

We agree with the Board of Review. The most reliable and credible evidence in the record is the report of Dr. Payne. Dr. Payne's report demonstrates that the medical treatment that Mr. Stanley received on December 21, 2011, was medically related and reasonably required to treat his brachial neuritis.

For the foregoing reasons, we find that the decisions of the Board of Review are not in clear violation of any constitutional or statutory provision, nor are they clearly the result of erroneous conclusions of law, nor are they based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decisions of the Board of Review are affirmed.

Affirmed.

**ISSUED:   May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4